

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ʰ floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

JN/PL AGR
2024R00010

September 27, 2024

Laurie M. Fierro, Esq.
135 Kinnelon Road
Suite 104
Kinnelon, NJ 07405

       Re:    <u>Plea Agreement with Jancarlos Rodriguez</u>

Dear Counsel:

       This letter sets forth the plea agreement between your client, Jancarlos Rodriguez ("Rodriguez"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **October 15, 2024**, if it is not accepted in writing by that date. If Rodriguez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Rodriguez to a four-count Information, charging him with: in Count 1 (which includes the acts described as Racketeering Acts 1 through 4 on Schedule A, attached), conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act, in violation of 18 U.S.C. § 1962(d); in Count 2, using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, the Hobbs Act robbery charged in Racketeering Act 1 in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); in Count 3, possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); and in Count 4, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

       If Rodriguez enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rodriguez for conspiring to violate and violating the RICO Act, in violation of 18 U.S.C. § 1962, during the time period of in or around January

2019 and continuing through at least in or around 2024, or for the conduct set forth in the Information.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rodriguez even if the applicable statute of limitations period for those charges expires after Rodriguez signs this agreement, and Rodriguez agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1962(d) to which Rodriguez agrees to plead guilty to in Count 1 of the Information carries a statutory maximum sentence of twenty years imprisonment and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 924(c)(1)(A)(ii) to which Rodriguez agrees to plead guilty in Count 2 of the Information carries a statutory mandatory minimum sentence of 7 years' imprisonment, a statutory maximum sentence of life in prison, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. §§ 841(a) and (b)(1)(C) to which Rodriguez agrees to plead guilty in Count 3 of the Information carries a statutory maximum sentence of twenty years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g)(1) to which Rodriguez agrees to plead guilty in Count 4 of the Information carries a statutory maximum sentence of fifteen years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences imposed on Counts 1, 3, and 4 may run consecutively to each other and to any sentence Rodriguez is serving or is ordered to serve. The prison sentence imposed on Count 2 must run consecutively to any prison sentence Rodriguez is ordered to serve on Counts 1, 3, and 4 or to any prison sentence Rodriguez is serving or is ordered to serve.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rodriguez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rodriguez ultimately will receive.

Further, in addition to imposing any other penalty on Rodriguez, the sentencing judge as part of the sentence:

(1)     will order Rodriguez to pay an assessment of $100 per count ($400 in total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Rodriguez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1963(a), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c);

(4)     may deny Rodriguez certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)     pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge may require Rodriguez to serve a term of supervised release of not more than 3 years on Counts 1 and 4, must require Rodriguez to serve a term of supervised release of at least 3 years on Count 3, and may require Rodriguez to serve a term of supervised release of not more than 5 years on Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Rodriguez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rodriguez may be sentenced to not more than 2 years' imprisonment on Counts 1, 3, and 4, and not more than 5 years' imprisonment on Count 2 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Pursuant to 18 U.S.C. §§ 3663 and 3663A, Rodriguez agrees to make full restitution for all losses resulting from the offense of conviction, which will be determined around the time of sentencing. Rodriguez understands that restitution will be due immediately upon sentencing. Rodriguez agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Rodriguez agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Rodriguez agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Rodriguez expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and (i) pursuant to 18 U.S.C. § 1963, Rodriguez shall forfeit to the United States (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which Rodriguez established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c), any property constituting or derived from, any proceeds obtained, directly or indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, as charged in Count 1 of the Information; (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Rodriguez shall forfeit to the United States any firearm and ammunition involved in or used in the commission of the offenses charged in Counts 1, 2, and 4 of the Information; and (iii) pursuant to 21 U.S.C. § 853, Rodriguez shall forfeit to the United States any and all property constituting or derived from any proceeds Rodriguez obtained, directly or indirectly, as the result of the violation charged in Count 3 of the Information, and all of Rodriguez's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in Count 3 of the Information.

Rodriguez further acknowledges that one or more of the conditions set forth in 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and which may be satisfied in whole or in part with substitute assets. Rodriguez further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to

- 4 -

identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rodriguez agrees that the property to be forfeited includes, but is not limited to, one Glock 17 9mm Luger handgun with serial number SXV064 and 13 rounds of 9mm ammunition (the "Specific Property"), which Rodriguez admits has the requisite nexus to the firearms offense charged in Count 4 of the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Rodriguez further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981. Rodriguez agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Rodriguez has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Rodriguez further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States and the execution of all necessary documentation.

Rodriguez waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Rodriguez further understands that Rodriguez has no right to demand that any forfeiture of Rodriguez's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Rodriguez in addition to forfeiture.

- 5 -

Rodriguez further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rodriguez fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Rodriguez has intentionally failed to disclose assets on his Financial Disclosure Statement, Rodriguez agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rodriguez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rodriguez's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Rodriguez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Rodriguez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Rodriguez understands that, if Rodriguez is not a citizen of the United States, Rodriguez's guilty plea to the charged offenses will likely result in Rodriguez being subject to immigration proceedings and removed from the United States by making Rodriguez deportable, excludable, or inadmissible, or ending Rodriguez's naturalization. Rodriguez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rodriguez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Rodriguez's removal from the United States. Rodriguez understands that Rodriguez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rodriguez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rodriguez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rodriguez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rodriguez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the entire plea agreement between Rodriguez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                          Very truly yours,

                          PHILIP R. SELLINGER
                          United States Attorney

By:      _____
           Jake A. Nasar
           Assistant U.S. Attorney

APPROVED:

_____
Michelle S. Gasparian
Chief, Organized Crime/Gangs Unit

- 8 -

I have received this letter from my attorney, Laurie M. Fierro, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date: 10/16/24
Jancarlos Rodriguez


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: 10/16/24
Laurie M. Fierro, Esq.
Counsel for Defendant

- 9 -

Plea Agreement with Jancarlos Rodriguez

Schedule A

1.      This Office and Jancarlos Rodriguez ("Rodriguez") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023, applies in this case.

Count 1:  RICO Conspiracy

3.      The applicable guideline is U.S.S.G. § 2E1.1. This guideline carries a Base Offense Level equal to the greater of 19 or the offense level applicable to the underlying racketeering activity.  *See* U.S.S.G. § 2E1.1(a).

4.      Where there is more than one underlying offense, each underlying offense is treated as if it were a separate count of conviction for the purposes of U.S.S.G. § 2E1.1(a)(2). *See* U.S.S.G. § 2E1.1, Application Note 1.

A.  Count 1, Racketeering Act 1 (Hobbs Act Robbery)

5.      For Count 1, Racketeering Act 1, the underlying racketeering activity is the Hobbs Act robbery of two individuals at a residence in Saddle Brook, New Jersey in or around June 28, 2022, contrary to 18 U.S.C. § 1951(a).  The applicable guideline for 18 U.S.C. § 1951(a) is U.S.S.G. § 2B3.1.

6.      The base offense level is 20.  *See* U.S.S.G. § 2B3.1(a).

7.      Controlled substances were taken and were the object of the offense, which increases the Base Offense Level by 1. U.S.S.G. § 2B3.1(b)(6).

8.       Accordingly, the adjusted offense level is 21.

9.      Since the offense level is greater than 19, the offense level applicable to the underlying racketeering activity in Count 1, Racketeering Act 1 is 21.

B.  Count 1, Racketeering Act 2 (Hobbs Act Robbery)

10.     For Count 1, Racketeering Act 2, the underlying racketeering activity is the Hobbs Act robbery of a commercial marijuana business in Paterson, New Jersey in or around January 2022, contrary to 18 U.S.C. § 1951(a). The applicable guideline for 18 U.S.C. § 1951(a) is U.S.S.G. § 2B3.1.

11.     The base offense level is 20.  *See* U.S.S.G. § 2B3.1(a).

- 10 -

12.    Controlled substances were taken and were the object of the offense, which increases the Base Offense Level by 1. U.S.S.G. § 2B3.1(b)(6).

13.    Accordingly, the adjusted offense level is 21.

14.    Since the offense level is greater than 19, the offense level applicable to the underlying racketeering activity in Count 1, Racketeering Act 2 is 21.

C.    Count 1, Racketeering Act 3 (Aggravated Assault)

15.    For Count 1, Racketeering Act 3, the underlying racketeering activity is a shooting that occurred in Paterson, New Jersey in or around December 2019. The applicable guideline for this crime is U.S.S.G. § 2A2.2. *See* U.S.S.G. § 2E1.1, Application Note 2.

16.    The base offense level is 14. *See* U.S.S.G. § 2A2.2(a).

17.    A firearm was discharged, increasing the offense level by 5. U.S.S.G. § 2A2.2(b)(2)(A).

18.    Accordingly, the adjusted offense level is 19.

19.    Since the offense level is equal to 19, the offense level applicable to the underlying racketeering activity in Count 1, Racketeering Act 3 is 19.

D.    Count 1, Racketeering Act 4 (Conspiracy to Distribute Controlled Substances)

20.    For Count 1, Racketeering Act 4, the underlying racketeering activity is the conspiracy to distribute controlled substances beginning at least in or around January 2019 and continuing through at least in or about 2023, contrary to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). The applicable guideline is U.S.S.G. § 2D1.1.

21.    The act involved more than 5 kilograms but less than 10 kilograms of converted drug weight. Accordingly, the base offense level is 12.

22.    Accordingly, the adjusted offense level is 12.

23.    Since the base offense level is less than 19, the offense level applicable to the underlying racketeering activity in Count 1, Racketeering Act 4 is 19. *See* U.S.S.G. § 2E1.1(a).

Count 2: Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence

24.    The applicable guideline for Count 2 is U.S.S.G. § 2K2.4(b), which indicates that the Guideline sentence for a violation of 18 U.S.C. § 924(c) shall be the minimum term of imprisonment required by statute. In this case, pursuant to 18

U.S.C. § 924(c)(1)(A)(ii), Rodriguez is subject to a mandatory minimum sentence of seven years' (84 months') imprisonment, which must be served consecutively to any other sentence imposed.

<u>Count 3: Possession with Intent to Distribute Cocaine and Heroin</u>

25.     The applicable guideline for Count 3 is U.S.S.G. § 2D1.1.

26.     Because the offense conduct involves, and Rodriguez is responsible for, more than 5 but less than 10 kilograms of converted drug weight, this guideline carries a Base Offense Level of 12. U.S.S.G. § 2D1.1(c)(14).

27.     Rodriguez possessed a firearm, increasing the offense level by 2. U.S.S.G. § 2D1.1(b)(1).

28.     Thus, the total Guidelines offense level for Count 3 is 14.

<u>Count 4: Possession of a Firearm by a Convicted Felon</u>

29.     The applicable guideline for Count 4 is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 14. U.S.S.G. § 2K2.1(a)(6).

30.     Rodriguez possessed the firearm in connection with another offense, namely, the possession with intent to distribute controlled substances offense charged in Count 3, increasing the offense level by 4. U.S.S.G. § 2K2.1(b)(6)(B).

31.     Thus, the total Guidelines offense level for Count 4 is 18.

<u>Grouping of Multiple Counts</u>

32.     The sentences for Racketeering Acts 1 through 3, as charged in Count 1, are subject to the grouping rules set forth in U.S.S.G. §§ 3D1.1, 3D1.2, and 3D1.3. Racketeering Acts 1 through 3 do not group. *See* U.S.S.G. § 3D1.2. Therefore, Racketeering Act 1 constitutes "Group 1," Racketeering Act 2 constitutes "Group 2," Racketeering Act 3 constitutes "Group 3,", and Racketeering Act 4 constitutes "Group 4." Accordingly, the offense level for Group 1 is 21, the offense level for Group 2 is 21, the offense level for Group 3 is 19, and the offense level for Group 4 is 19.

33.     Within the meaning of U.S.S.G. § 3D1.2, Counts 3 and 4 group because they involve substantially the same harm, victim, act, or transaction, and are treated as specific offense characteristic in the guideline analysis applicable to one another "Group 5". The offense level for Group 5 is 18, pursuant to U.S.S.G. § 3D1.3(a).

34.     Under U.S.S.G. § 3D1.4(a), the Group with the highest offense level (here, Group 1) counts as one unit. Under U.S.S.G. § 3D1.4(a), any Group that is equally as serious or 1 to 4 levels less serious than the Group with the highest offense level adds an additional one unit. Here, Group 1 and Group 2 are equally serious,

adding one unit. Additionally, there is a 2-level difference between Group 1 and Group 3, adding an additional one unit. Similarly, there is a 2-level difference between Group 1 and Group 4, adding an additional one unit. Finally, there is a 3-level difference between Group 1 and Group 5, resulting in one additional unit. Accordingly, because the total number of units is 5, 4 levels are added under U.S.S.G. § 3D1.4 to Group 1's offense level, making the applicable offense level here 25.

35.    Pursuant to U.S.S.G. §§ 2K2.4(b) and 3D1.1(b)(1), Count 2 does not group with Counts 1, 3, and 4.

36.    As of the date of this letter, Rodriguez has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rodriguez's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

37.    As of the date of this letter, Rodriguez has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Rodriguez's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Rodriguez enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Rodriguez's acceptance of responsibility has continued through the date of sentencing and Rodriguez therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Rodriguez's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

38.    Accordingly, the parties agree that the total Guidelines offense level applicable to Rodriguez is the Guidelines range that results by adding 84 months to the minimum and maximum of the otherwise applicable Guidelines range based on an offense level of **22** (the "Total Offense Level").

39.    Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

40.    If the term of imprisonment does not exceed 141 months, and except as specified in the next paragraph below, Rodriguez will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under

- 13 -

18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 130 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

41.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).